IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

EXTREME SPORTS DIVAS, LLC,

        Plaintiff,

v.                                      Case No. 17-cv-213

POLARTEC, LLC,

        Defendant.

---

**NOTICE OF REMOVAL**

---

PLEASE TAKE NOTICE THAT defendant Polartec, LLC ("Polartec"), by its counsel, pursuant to 28 U.S.C. §§ 1441 and 1446, hereby gives notice of its removal of this action from the Circuit Court of Dane County, Wisconsin, to the United States District Court for the Western District of Wisconsin, on the basis of federal question jurisdiction, 28 U.S.C. § 1331. This action may also be removed, in the alternative, on the basis of diversity jurisdiction, 28 U.S.C. § 1332. In support of this Notice of Removal, Polartec states as follows:

    1.    On February 14, 2017, Plaintiff Extreme Sports Divas, LLC ("Plaintiff") commenced a civil action against Polartec in the Circuit Court of Dane County, Wisconsin, captioned *Extreme Sports Divas, LLC v. Polartec, LLC*, Case No. 2017-cv-363 (the "State Action").

    2.    A copy of the Summons and Complaint filed in the State Action is attached to this Notice of Removal as **Exhibit A** (the "Complaint").

3. A copy of all process, pleadings, and orders, other than the Summons and Complaint, served upon Polartec in the State Action is attached to this Notice of Removal as **Exhibit B**.

4. This lawsuit arises from Plaintiff's purchase of Polartec's waterproof NeoShell fabric for use in a line of women's snowmobiling outerwear sold by Plaintiff. Plaintiff alleges in the Complaint that Polartec misrepresented the waterproofing capabilities of its NeoShell fabric to Plaintiff; that Plaintiff purchased the NeoShell product for use in its outwear on the basis of Polartec's representations; that the NeoShell product failed to perform as specified; and that Plaintiff was damaged as a result of Polartec's alleged misrepresentations.

## FEDERAL QUESTION JURISDICTION

5. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 because the second cause of action—alleging that Polartec violated the Lanham Act, 15 U.S.C. § 1125(a)—arises under the laws of the United States.

6. Plaintiff also brings four causes of action for alleged violations of Wisconsin law: a statutory claim for violation of the Deceptive Trade Practices Act, Wis. Stat. § 100.18, and common-law claims for fraudulent misrepresentation (strict responsibility), intentional misrepresentation, and negligent misrepresentation.

7. All five causes of action concern Polartec's representations in the sale of its NeoShell fabric. This Court has supplemental jurisdiction over the remaining state-law claims because they are so related to the federal question that they form part of the same case or controversy as the federal question. 28 U.S.C. § 1367.

8. Therefore, Polartec may remove this matter under 28 U.S.C. § 1441(a) based on federal question jurisdiction.

**DIVERSITY JURISDICTION**

9. In the alternative, this Court also has diversity jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 due to complete diversity of citizenship between the parties and an amount in controversy in excess of $75,000, exclusive of interest and costs.

10. Plaintiff Extreme Sports Divas, LLC is a limited liability company organized under the laws of the state of Wisconsin. Its sole member, Wendy Gavinski, is a citizen of Wisconsin.

11. Defendant Polartec, LLC is a limited liability company organized under the laws of the state of Delaware. Polartec is wholly owned by Pipevine MMI Holdings LLC, which is wholly owned by Pipevine MMI, LLC, which is wholly owned by private investment funds advised by Versa Capital Management, LLC. The general partner and the limited partners of those investment funds are citizens of California, Cayman Islands, Colorado, Connecticut, Delaware, Florida, Hawaii, Illinois, Indiana, Massachusetts, Maryland, Montana, Nebraska, New York, New Jersey, Ohio, Pennsylvania, Tennessee, Vermont, Washington and Wyoming. No partner of those funds is a citizen of Wisconsin or a United States citizen domiciled abroad.

12. Accordingly, there is complete diversity of citizenship among the parties.

13. The Complaint seeks a money judgment against Polartec for damages including pecuniary losses, actual damages, consequential damages, reputational damages, and statutory attorney's fees and costs; an award of damages pursuant to 15 U.S.C § 1117, including disgorgement of profits from Polartec; and punitive damages in an amount to be determined at trial.

14. Polartec sold the NeoShell product to Plaintiff for $61,026.78, and Plaintiff subsequently used the product to manufacture garments that it sold and intended to sell to

consumers. Plaintiff has alleged losses based on warranty claims and exchanges, lost sales, and reputational harm. Although the Complaint does not quantify the amount of damages sought, on information and belief, Plaintiff is seeking damages well in excess of $75,000.

15. Thus, the amount in controversy exceeds $75,000, satisfying the requirement of 28 U.S.C. § 1332(a).

16. Therefore, Polartec may remove this matter under 28 U.S.C. § 1441(a) and (b) based on diversity jurisdiction.

## PROCEDURAL REQUIREMENTS

17. Plaintiff mailed the Summons and Complaint to Polartec on February 16, 2017. Polartec received the Summons and Complaint after that date, and accepted service by signing an Admission of Service on March 1, 2017. This Notice of Removal is therefore timely filed within thirty days of Polartec's receipt of the Summons and Complaint pursuant to 28 U.S.C. § 1446(b) and Rule 6(a)(1), Fed. R. Civ. P.

18. This Court is the United States District Court for the district embracing the place where the Action is currently pending.

19. Undersigned counsel certifies that a Notice of Filing Notice of Removal, along with a copy of this Notice of Removal, will be promptly filed with the Dane County Circuit Court. A copy of the Notice of Filing Notice of Removal is attached hereto as **Exhibit C**.

20. Undersigned counsel certifies that true and correct copies of this Notice of Removal with accompanying exhibits along with the Notice of Filing Notice of Removal will be promptly served on counsel for Plaintiffs.

21. Polartec reserves the right to amend or supplement this Notice of Removal and to submit evidence supporting it in the event that Plaintiff moves to remand.

22. By this Notice of Removal, Polartec does not waive any rights, defenses, claims, or arguments relating to the Action.

WHEREFORE, Polartec hereby removes the above-captioned action from the Circuit Court of Dane County, Wisconsin to the United States District Court for the Western District of Wisconsin.

Dated this 17th day of March, 2017.

        *s/ Dustin B. Brown*_____

**GODFREY & KAHN, S.C.**

Dustin B. Brown (SBN 1086277)
dbrown@gklaw.com
One East Main Street, Suite 500
P.O. Box 2719
Madison, WI 53701-2719
Phone: 608-284-2250
Fax: 608-257-0609

and

**CHOATE, HALL & STEWART LLP**

Michael Bunis *(pro hac vice forthcoming)*
mbunis@choate.com
Robert M. Engel *(pro hac vice forthcoming)*
rengel@choate.com
Two International Place
Boston, MA 02110
Phone: 617-248-5000
Fax: 617-248-4000

***Attorneys for Defendant Polartec, LLC***

16931696.2