# EXHIBIT A

FILED
02-14-2017
CIRCUIT COURT
DANE COUNTY, WI
2017CV000363
Honorable Peter C Anderson
Branch 17

STATE OF WISCONSIN    CIRCUIT COURT    DANE COUNTY
BRANCH __

EXTREME SPORTS DIVAS, LLC
327 MARKET STREET
OREGON, WI 53575,

*For Official Use Only*

                              Plaintiff,

v.                                           Case No. _____
                                           Case Type: Money Judgment
                                           Case Code: 30301

POLARTEC, LLC
46 STAFFORD STREET
LAWRENCE, MA 01841,

                              Defendant.

## SUMMONS

THE STATE OF WISCONSIN

To the above-named Defendant:

    You are hereby notified that the Plaintiff named above has filed a lawsuit or other legal action against you. The complaint, which is attached, states the nature and basis of the legal action.

    Within forty-five (45) days of receiving this summons, you must respond with a written answer, as that term is used in Chapter 802 of the Wisconsin Statutes, to the complaint. The Court may reject or disregard an answer that does not follow the requirements of the statutes. The answer must be sent or delivered to Dane County Clerk of Circuit Court, whose address is 215 S. Hamilton Street, Room 1000, Madison, Wisconsin 53703, and to Rhyan J. Lindley of the law firm of von Briesen & Roper, s.c., Plaintiff's attorney, whose address is 10 East Doty Street, Suite 900, Madison, Wisconsin 53703. You may have an attorney help or represent you.

If you do not provide a proper answer within forty-five (45) days, the Court may grant judgment against you for the award of money or other legal action requested in the complaint, and you may lose your right to object to anything that is or may be incorrect in the complaint. A judgment may be enforced as provided by law. A judgment awarding money may become a lien against any real estate you own now or in the future, and may also be enforced by garnishment or seizure of property.

Dated this 14th day of February, 2017.

von BRIESEN & ROPER, s.c.

By:   electronically signed by Rhyan J. Lindley
      Rhyan J. Lindley
      State Bar No. 1038827

*Attorneys for Plaintiff, Extreme Sports Divas, LLC*

MAILING ADDRESS:
10 East Doty Street, Suite 900
Madison, WI 53703
T: 608-310-3606
F: 608-316-3165
rlindley@vonbriesen.com
28102372_1.DOCX

|  |  |  | FILED |
|---|---|---|---|
|  |  |  | 02-14-2017 |
|  |  |  | CIRCUIT COURT |
|  |  |  | DANE COUNTY, WI |
| STATE OF WISCONSIN | CIRCUIT COURT | DANE COUNTY | 2017CV000363 |
|  | BRANCH __ |  | Honorable Peter C Anderson |
|  |  |  | Branch 17 |

EXTREME SPORTS DIVAS, LLC
327 MARKET STREET
OREGON, WI 53575,

*For Official Use Only*

                          Plaintiff,

v.                                         Case No. _____
                                          Case Type: Money Judgment
                                          Case Code: 30301

POLARTEC, LLC
46 STAFFORD STREET
LAWRENCE, MA 01841,

                            Defendant.

## COMPLAINT

As its complaint against Defendant, Polartec, LLC ("Polartec"), Plaintiff, Extreme Sports Divas, LLC, ("ESD") through its counsel, Rhyan J. Lindley, of von Briesen & Roper, s.c., alleges as follows:

### PARTIES

1.      ESD is a Wisconsin limited liability company with its primary place of business currently located at 327 Market Street, Oregon, Dane County, Wisconsin, 53575.

2.      Polartec is a foreign corporation incorporated under the laws of Delaware with its principal place of business located at 46 Stafford Street, Lawrence, Massachusetts, 01841. Polartec's registered agent is Registered Office Service Company, 203 NE Front Street, Suite 101, Milford, Delaware, 19963.

## JURISDICTION AND VENUE

3. Jurisdiction is proper pursuant to Wis. Stat. §§ 801.05(3), 801.05(4). 801(5)(c) and (e).

4. Venue is proper pursuant to Wis. Stat. § 801.50(2)(a).

## FACTS

5. ESD realleges by reference paragraphs 1 through 4 in their entirety.

6. ESD was established in 2010 by Wendy Gavinski.

7. ESD designs, markets and sells women's outerwear for snowmobiling and has become a leader in women's outerwear for snowmobiling.

8. ESD has grown to be one of the most recognizable brands in women's snowmobiling outerwear. ESD distributes its products through some of the most established distributors in the business and has a number of professional snowmobile riders and brand ambassadors that use and promote its products.

9. In 2014, ESD began researching fabrics that were both waterproof and breathable to use in the second generation of its Avid Technical Line ("Avid 2.0"), which was scheduled to debut for the 2015/2016 winter season.

10. The Avid 2.0 line was intended to be ESD's top of the line flagship product.

11. On or about July 23, 2014, Polartec's sales representative provided ESD with a quote for the style of NeoShell product ("Style 66000") that was ultimately used in the Avid 2.0 line. In addition, Polartec's representative sent swatches of this fabric to ESD.

12. On or about September 18, 2014, Polartec's representative provided ESD with a specifications sheet for Style 66000, which represented that the fabric was waterproof to 10,000mm.

13. Throughout their discussions, Polartec, through various agents and employees, made numerous representations, both oral and in writing via printed and electronic marketing materials, to ESD regarding alleged waterproofing capabilities of the NeoShell fabric and in particular the Style 66000. These representations included, but were not limited to, Polartec's claim that the NeoShell fabric was waterproof to "10,000mm."

14. In reliance on Polartec's representations regarding the alleged waterproofing capabilities of the NeoShell fabric, ESD decided to use this product in its Avid 2.0 line and ordered said product through its third-party manufacturer.

15. Said representations were a material inducement for ESD to use and incorporate the NeoShell product in its Avid 2.0 line.

16. Shortly after the Avid 2.0 line was produced and in use in the market, ESD began receiving complaints from its customers, professional riders and brand ambassadors that they were getting "soaked" in the NeoShell product.

17. ESD expressed its concerns regarding the waterproofing capabilities of the NeoShell product to Polartec, who, on or about April 21, 2016 submitted samples to a third-party lab for testing. The test results show multiple failures of the waterproofing capabilities of the NeoShell product, both at the seams as well as the fabric itself, at levels less than the "10,000mm" waterproofing level represented to ESD by Polartec. A true and correct copy of the April 21, 2016 test report is attached hereto and incorporated herein by reference as **Exhibit A**.

18. Polartec claimed the failures were due to the manufacturing process. However, ESD submitted raw NeoShell material to the same third-party lab selected by Polartec for the prior testing. This third-party lab produced a test report dated August 4, 2016, which shows multiple failures of the raw fabric at levels lower than the "10,000mm" waterproofing level

represented to ESD by Polartec. A true and correct copy of the August 4, 2016 test report is attached hereto and incorporated herein by reference as **Exhibit B**.

19. As a result of Polartec's affirmative misrepresentations of the alleged waterproofing capabilities of the NeoShell product and its failure to disclose the NeoShell product's true waterproofing capabilities, the Avid 2.0 line has been rendered useless for its intended purposes.

20. As a result of Polartec's affirmative misrepresentations of the alleged waterproofing capabilities of the NeoShell product and its failure to disclose the NeoShell product's true waterproofing capabilities, ESD has been damaged through lost sales, profits, damage to its reputation, and was unable to find a suitable replacement product, which resulted in the inability to produce the next generation Avid Technical Line for the 2016/2017 and 2017/2018 seasons.

21. The NeoShell's waterproofing failures were also noted and published in public reviews of the Avid 2.0 line, which further damaged ESD.

### FIRST CAUSE OF ACTION
### (Violation of Wis. Stat. § 100.18)

22. ESD realleges by reference paragraphs 1 through 21 above in their entirety.

23. The representations described in this Complaint were made by Polartec, through its agents and employees, with the intent to sell the NeoShell fabric to ESD.

24. The representations described in this Complaint contained untrue, deceptive, and/or misleading information regarding the NeoShell product, in violation of Wis. Stat. § 100.18.

25. ESD reasonably believed and relied on Polartec's misrepresentations.

26. Polartec's untrue, misleading, and/or deceptive representations were a substantial factor in causing ESD's damages.

27. As a result of Polartec's untrue, misleading, and/or deceptive representations, ESD has been damaged in an amount to be determined at trial, including statutory attorney's fees and costs.

## SECOND CAUSE OF ACTION
### (Violation of the Lanham Act 15 U.S.C. § 1125(a)

28. ESD realleges by reference paragraphs 1 through 27 above in their entirety.

29. The representations described in this Complaint, were made by Polartec, through its agents and employees, with the intent to sell the NeoShell fabric to ESD.

30. The representations referred to in this Complaint were false or misleading representations of fact, made in a commercial advertising or promotion, which misrepresents the nature, characteristics, and qualities of Polartec's NeoShell product.

31. ESD reasonably believed and relied on Polartec's misrepresentations.

32. Polartec's false and misleading representations were a proximate cause of ESD's damages to its commercial interests in its reputation and sales, the amount of such damages to be determined at trial, including statutory attorney's fees and costs.

## THIRD CAUSE OF ACTION
### (Fraudulent Misrepresentation (Strict Responsibility))

33. ESD realleges by reference paragraphs 1 through 32 above in their entirety.

34. Polartec through its agents and employees, made representations of fact to ESD, including the representations described in this Complaint, concerning the waterproofing capabilities of its NeoShell product.

35. The representations of fact were untrue.

36. Polartec made the representations as facts based on its own personal knowledge, or in circumstances in which it necessarily ought to have known the truth or untruth of its statements.

37. Polartec had an economic interest in the transactions involving the representations referred to herein.

38. ESD believed the representations to be true and reasonably relied upon those representations to its detriment.

39. By engaging in the conduct described above, Polartec committed common law fraudulent misrepresentation.

40. As a result of Polartec's common law fraudulent misrepresentation, ESD suffered damages in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION
### (Intentional Misrepresentation)

41. ESD realleges by reference paragraphs 1 through 40, above in their entirety.

42. Polartec knew that the representations described in this Complaint were untrue, or made those representations recklessly without caring whether they were true or false.

43. Polartec made the representations described in this Complaint with the intent to deceive ESD and induce ESD to act upon them to its pecuniary damage.

44. ESD believed the representations described in this Complaint to be true and relied on them to its detriment

45. By engaging in the conduct described above, Polartec committed common law intentional misrepresentation.

46. As a result of Polartec's common law intentional misrepresentation, ESD suffered damages in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
### (Negligent Misrepresentation)

47. ESD realleges by reference paragraphs 1 through 46, above in their entirety.

48. Polartec failed to exercise ordinary care in making the representations referred herein.

49. ESD believed the representations described in this Complaint to be true and relied on them to its detriment.

50. By engaging in the conduct described above, Polartec committed common law negligent misrepresentation.

51. As a result of Polartec's common law negligent misrepresentation, ESD suffered damages in an amount to be determined at trial.

## PUNITIVE DAMAGES

52. ESD realleges by reference paragraphs 1 through 51, above in their entirety.

53. Polartec's actions, as set forth above, demonstrate that it acted maliciously toward ESD or with an intentional disregard of the rights of ESD. Accordingly, ESD is entitled to punitive damages in an amount to be determined at trial.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff, Extreme Sports Divas, LLC respectfully requests the following relief:

1. A money judgment against Defendant in favor of Plaintiff for Plaintiff's damages, including, but not limited to, pecuniary losses, actual damages, consequential damages, reputational damages, and statutory attorney's fees and costs;

2. An award of damages pursuant to 15 U.S.C § 1117 including, but not limited to, disgorgement of profits from Defendant;

3.  An award of punitive damages against Defendant in an amount to be determined at trial; and

4.  Such other and further relief as the Court may deem just and equitable.

**PLAINTIFF HEREBY REQUESTS A JURY TRIAL ON ALL ISSUES TO WHICH PLAINTFF IS SO ENTITLED.**

Dated this 14th day of February, 2017.

von BRIESEN & ROPER, s.c.

By: electronically signed by Rhyan J. Lindley
Rhyan J. Lindley
State Bar No. 1038827

*Attorneys for Plaintiff, Extreme Sports Divas, LLC*

MAILING ADDRESS:
10 East Doty Street, Suite 900
Madison, WI 53703
T: 608-310-3606
F: 608-316-3165
rlindley@vonbriesen.com
28101860_1.DOCX



**Polartec LLC**
PO Box 809
Lawrence, MA 01842-1609

Attn: Natalie Newton

| TEST REPORT No: 3966638PP01 | Date: 21 April 2016 |
|---|---|

**SAMPLE(S) SUBMITTED BY THE CLIENT AS:** Six (6) samples of Polartec products - Jackets and Pants, identified as New Pants and Jackets – Pink and Blue, and Used Pants – Pink and Blue, all with Avid Neo-Shell Fabric.

**DATE OF RECEIPT:** 13 April 2016

**TEST PERIOD:** 19-21 April 2016.

**TEST(S) REQUESTED:** The Avid Neo-Shell Fabric material on each sample was tested for Hydrostatic pressure resistance in accordance with AATCC 127 (60 mbar/minute) for compliance to requirement of minimum 1000 mbar water resistance.
The seams areas of Avid Neo-Shell Fabric material were subjected to hydrostatic pressure of 210 mbar for 3 minute and examined for water leakage at production seams.

**TEST RESULTS:** See Page 2.

PREPARED BY:

*[signature]*

DIMITAR DIMOV, PH. D.
SENIOR PROJECT ENGINEER

SIGNED FOR AND ON BEHALF OF
SGS NORTH AMERICA INC.:

*[signature]*

FRANK SAVINO, MANAGER
PACKAGING & MATERIALS LAB

d

Page 1 of 2

This document is issued by the Company subject to its General Conditions of Service printed overleaf, available on request or accessible at http://www.sgs.com/en/terms-and-conditions.aspx and, for electronic format documents, subject to Terms and Conditions for Electronic Documents at http://www.sgs.com/en/Terms-and-Conditions/terms-e-document.aspx. Attention is drawn to the limitation of liability, indemnification and jurisdiction issues defined therein. Any holder of this document is advised that information contained hereon reflects the Company's findings at the time of its intervention only and within the limits of Client's instructions, if any. The Company's sole responsibility is to its Client and this document does not exonerate parties to a transaction from exercising all their rights and obligations under the transaction documents. This document cannot be reproduced except in full, without prior written approval of the Company. Any unauthorized alteration, forgery or falsification of the content or appearance of this document is unlawful and offenders may be prosecuted to the fullest extent of the law. Unless otherwise stated the results shown in this test report refer only to the sample(s) tested and such sample(s) are retained for a minimum of 45 days only

SGS North America Inc. Consumer and Retail Services 291 Fairfield Avenue, Fairfield, NJ 07004 t (973) 575-5252 f (973) 575-
Member of the SGS Group (Société Générale de Surveillance)



EXHIBIT A



Report No: 3966638PP01

**Results Of Tests**

Test: **HYDROSTATIC PRESSURE RESISTANCE**
AATCC 127

Pressure Failure (mbar)

| Material: | Jacket New Pink | Pant New Pink | Jacket New Blue | Pant New Blue | Pant Used Pink | Pant Used Blue |
|---|---|---|---|---|---|---|
| | 752 | >1000 | >1000 | >1000 | 352 | 189 |
| | 920 | >1000 | 980 | >1000 | 158 | 324 |
| | 779 | >1000 | >1000 | >1000 | 317 | 219 |
| Avg. | **817** | **>1000** | **>990** | **>1000** | **276** | **244** |

| Pass/Fail | Fail | Pass | Fail | Pass | Fail | Fail |
|---|---|---|---|---|---|---|

Note: Minimum Hydrostatic pressure resistance required – 1000 mbar.


Test: **HYDROSTATIC PRESSURE RESISTANCE**
AATCC 127 Mod.
Seam Pressure Resistance – Water sustaining for 3 minutes at 210 mbar pressure

| Material: | Jacket New Pink | Pant New Pink | Jacket New Blue | Pant New Blue | Pant Used Pink | Pant Used Blue |
|---|---|---|---|---|---|---|
| | Fail | Fail | Pass | Pass | Fail | Fail |
| | Pass | Pass | Fail | Pass | Fail | Fail |
| | Fail | Pass | Fail | Fail | Fail | Fail |

Note: Fail – Observed water leakage when subjected to 210 mbar pressure for 3 minutes.

We trust the results will prove useful and informative. Should you have any questions, please feel free to contact us.
*******
**End of Report**

Page 2 of 2

This document is issued by the Company subject to its General Conditions of Service printed overleaf, available on request or accessible at http://www.sgs.com/en/terms-and-conditions.aspx and, for electronic format documents, subject to Terms and Conditions for Electronic Documents at http://www.sgs.com/en/Terms-and-Conditions/terms-e-document.aspx. Attention is drawn to the limitation of liability, indemnification and jurisdiction issues defined therein. Any holder of this document is advised that information contained hereon reflects the Company's findings at the time of its intervention only and within the limits of Client's instructions, if any. The Company's sole responsibility is to its Client and this document does not exonerate parties to a transaction from exercising all their rights and obligations under the transaction documents. This document cannot be reproduced except in full, without prior written approval of the Company. Any unauthorized alteration, forgery or falsification of the content or appearance of this document is unlawful and offenders may be prosecuted to the fullest extent of the law. Unless otherwise stated the results shown in this test report refer only to the sample(s) tested and such sample(s) are retained for a minimum of 45 days only



**Client:** **Extreme Sports Divas LLC**
327 Market ST
Oregon WI 53575
United States

Attn: Wendy Gavinski

| Test Report No: 4019856PP01 | Date: 04 August 2016 |

**SAMPLE(S) SUBMITTED BY THE CLIENT AS:** Polartec NeoShell Fabric identified as Style No: 66000, Color: Pink, Blue, Charcoal, Material Content: 100% Nylon.

**DATE OF RECEIPT:** 01 August 2016

**TEST PERIOD:** 02- 04 August 2016

**TEST(S) REQUESTED:** The submitted samples were tested for Hydrostatic Pressure Resistance in accordance with the procedures outlined in AATCC 127.

**TEST RESULTS:** See Page 2

**PREPARED BY:**

**Hayford Mensah, Report Writer**
**Packaging & Materials**

**SIGNED FOR AND ON BEHALF OF SGS NORTH AMERICA INC.,**

**Frank Savino, Lab Manager**
**Packaging & Materials**

Page 1 of 2

This document is issued by the Company subject to its General Conditions of Service printed overleaf, available on request or accessible at http://www.sgs.com/en/terms-and-conditions.aspx and, for electronic format documents, subject to Terms and Conditions for Electronic Documents at http://www.sgs.com/en/Terms-and-Conditions/terms-e-document.aspx. Attention is drawn to the limitation of liability, indemnification and jurisdiction issues defined therein. Any holder of this document is advised that information contained hereon reflects the Company's findings at the time of its intervention only and within the limits of Client's instructions, if any. The Company's sole responsibility is to its Client and this document does not exonerate parties to a transaction from exercising all their rights and obligations under the transaction documents. This document cannot be reproduced except in full, without prior written approval of the Company. Any unauthorized alteration, forgery or falsification of the content or appearance of this document is unlawful and offenders may be prosecuted to the fullest extent of the law. Unless otherwise stated the results shown in this test report refer only to the sample(s) tested and such sample(s) are retained for a minimum of 45 days only

**EXHIBIT B**



Report No.: 4019856PP01
Date: 4 August 2016
Page: Page 2 of 2

**CLIENT**: Extreme Sports Divas LLC

**TEST RESULTS:**

<u>Hydrostatic Pressure Resistance</u>
AATCC 127

| Material: | Blue | |
|---|---|---|
| Specimen | Pressure Failure (mbar) | Results |
| 1 | 803 | Fail |
| 2 | >1000 | Pass |
| 3 | >1000 | Pass |
| 4 | >1000 | Pass |
| Material: | Pink | |
| Specimen | Pressure Failure (mbar) | Results |
| 1 | >1000 | Pass |
| 2 | 778 | Fail |
| 3 | >1000 | Pass |
| 4 | >1000 | Pass |
| Material: | Charcoal | |
| Specimen | Pressure Failure (mbar) | Results |
| 1 | 896 | Fail |
| 2 | >1000 | Pass |
| 3 | 931 | Fail |
| 4 | >1000 | Pass |

Comments: All materials tested failed the requirement for no failures at a pressure lower than 1000 mbar
Pass >1000, Fail < 1000

Notes: Sample ID: Polartec NeoShell Fabric identified as Style No: 66000, Color: Pink, Blue, Charcoal, Material Content: 100% Nylon.
Lab Environment: Temperature 23°C, Humidity 50%
Specimen preconditioning: 24 hours minimum

*We trust the results will prove useful and informative.*
*Should you have any questions, please feel free to contact us.*
*******
**End of Report**

This document is issued by the Company subject to its General Conditions of Service printed overleaf, available on request or accessible at http://www.sgs.com/en/terms-and-conditions.aspx and, for electronic format documents, subject to Terms and Conditions for Electronic Documents at http://www.sgs.com/en/Terms-and-Conditions/terms-e-document.aspx. Attention is drawn to the limitation of liability, indemnification and jurisdiction issues defined therein. Any holder of this document is advised that information contained hereon reflects the Company's findings at the time of its intervention only and within the limits of Client's instructions, if any. The Company's sole responsibility is to its Client and this document does not exonerate parties to a transaction from exercising all their rights and obligations under the transaction documents. This document cannot be reproduced except in full, without prior written approval of the Company. Any unauthorized alteration, forgery or falsification of the content or appearance of this document is unlawful and offenders may be prosecuted to the fullest extent of the law. Unless otherwise stated the results shown in this test report refer only to the sample(s) tested and such sample(s) are retained for a minimum of 45 days only