IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

EXTREME SPORTS DIVAS, LLC,

Plaintiff,

v.

POLARTEC, LLC,

Defendant.

OPINION & ORDER

17-cv-213-jdp

---

Plaintiff Extreme Sports Divas, LLC, (ESD) designs and sells women's snowmobiling outerwear. ESD brings claims against defendant Polartec, LLC, for fraudulent misrepresentation, intentional misrepresentation, negligent misrepresentation, violations of the Wisconsin Deceptive Trade Practices Act, Wis. Stat. § 100.18, and violations of the Lanham Act, 15 U.S.C. § 1125(a). ESD alleges that the NeoShell fabric that Polartec provided to ESD's manufacturer was not as waterproof as Polartec represented it to be, leaving ESD's customers soaked and ESD with useless merchandise and a damaged reputation. Dkt. 1-1. Polartec has moved for partial judgment on the pleadings under Federal Rule of Civil Procedure 12(c), contending that Wisconsin's economic loss doctrine bars the three misrepresentation claims.[1] Dkt. 8. The court concludes that the economic loss doctrine bars the tort claims in this case, despite the absence of a written contract between plaintiff and defendant. The court will grant Polartec's motion and dismiss ESD's misrepresentation claims.

---

[1] Polartec originally challenged the Lanham Act claim, too, but withdrew its motion as to that claim in its reply brief. *See* Dkt. 16, at 2.

ALLEGATIONS OF FACT

The court draws the following facts from the parties' pleadings, construing the allegations in the light most favorable to ESD as the nonmoving party. *See Finch v. Peterson,* 622 F.3d 725, 728 (7th Cir. 2010).

ESD designs, markets, and sells women's snowmobiling outerwear. In 2014, ESD was looking for a waterproof fabric to use in its Avid 2.0 line. Polartec's sales representative sent ESD swatches of its NeoShell fabric and a price quote. The representative followed up with a specifications sheet for its Style 66000 NeoShell fabric, which listed a 10,000mm waterproof rating. Other Polartec representatives confirmed the 10,000mm waterproof rating during negotiations with ESD. According to ESD, it ordered the NeoShell fabric "through its third-party manufacturer" based on Polartec's representations that the NeoShell fabric was waterproof. Dkt. 1-1, ¶ 14.

The third-party manufacturer, Junny Interwork Corporation, made the products in the Avid 2.0 line using the NeoShell fabric, and ESD began selling them. But in short time, ESD received complaints from customers that they were getting "soaked" in the Avid 2.0 line clothing. *Id.* ¶ 16. Tests ordered by Polartec and ESD indicate that the NeoShell fabric did not live up to its 10,000mm waterproof rating. ESD was forced to discontinue the Avid 2.0 line, resulting in lost profits and damage to its reputation.

The court has jurisdiction over ESD's Lanham Act claim under 28 U.S.C. § 1331, because this claim raises a federal question. The court may exercise supplemental jurisdiction over the remaining state-law claims under 28 U.S.C. § 1367 because they form part of the same case or controversy.

ANALYSIS

ESD asserts three tort claims against Polartec for economic losses associated with a commercial transaction, precisely the type of claims that the economic loss doctrine bars. But the case presents a minor hiccup: the commercial transaction was made through a third-party manufacturer. Despite the presence of a third party, the economic loss doctrine applies, so the court will grant Polartec's motion for partial judgment on the pleadings.

The court will grant judgment on the pleadings "[o]nly when it appears beyond a doubt that the plaintiff cannot prove any facts to support a claim for relief and the moving party demonstrates that there are no material issues of fact to be resolved." *Moss v. Martin*, 473 F.3d 694, 698 (7th Cir. 2007). The court reviews motions for judgment on the pleadings under the same standard as motions to dismiss for failure to state a claim upon which relief can be granted, except that it considers all the pleadings. *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998).

In general, Wisconsin's economic loss doctrine prevents a plaintiff from claiming tort damages (such damages for a design defect or misrepresentation) for purely economic losses when the underlying wrongful conduct is a breach of a contract between the parties. *Tietsworth v. Harley-Davidson, Inc.*, 2004 WI 32, ¶ 24, 270 Wis. 2d 146, 677 N.W.2d 233. As is relevant here, the economic loss doctrine prevents "a commercial purchaser of a product" from recovering tort damages for purely economic losses from the "manufacturer." *Daanen & Janssen, Inc. v. Cedarapids, Inc.*, 216 Wis. 2d 395, 573 N.W.2d 842, 844-45 (1998); *accord Tietsworth*, 2004 WI 32, ¶ 24. The doctrine precludes recovery for "the diminution in the value of the product because it is inferior in quality and does not work for the general purposes for which it was manufactured and sold." *Northridge Co. v. W.R. Grace & Co.*, 162 Wis. 2d 918, 471

N.W.2d 179, 181 (1991). That is essentially what ESD is alleging in this case: it purchased NeoShell fabric expecting that it would function as promised, but it failed to meet those expectations. So, if the economic loss doctrine applies, then ESD is precluded from recovering tort damages, and its three tort claims—fraudulent misrepresentation, intentional misrepresentation, and negligent misrepresentation—must be dismissed.

ESD argues that the economic loss doctrine does not apply here because there is no actual contract between ESD and Polartec, because ESD contracted with Junny Interwork Corporation. But the economic loss doctrine applies even "where no privity of contract exists between the manufacturer and remote commercial purchasers." *Dannen*, 573 N.W.2d at 846. As long as the purchaser "had an opportunity to 'allocate economic risk by contract,'" *Trinity Lutheran Church v. Dorschner Excavating, Inc.*, 2006 WI App 22, ¶ 18, 289 Wis. 2d 252, 710 N.W.2d 680 (quoting *Linden v. Cascade Stone Co.*, 2005 WI 113, ¶ 16, 283 Wis. 2d 606, 699 N.W.2d 189), and was connected to the manufacturer "through the chain of distribution or sale," *Tilot Oil, LLC v. BP Prods. N. Am., Inc.*, 907 F. Supp. 2d 955, 970 (E.D. Wis. 2012), the doctrine applies. That's the case here. ESD alleges that it had numerous discussions with Polartec representatives over at least a two-month period, meaning ESD had ample opportunity to negotiate terms with Polartec. It then directed its manufacturer to purchase the fabric from Polartec. The connection between ESD and Polartec brings the relationship within the economic loss doctrine.[2] In short, it doesn't matter whether ESD ultimately contracted with Polartec; the question is whether ESD could have secured an appropriate warranty from

---

[2] ESD adduces several documents outside the pleadings and urges the court to convert Polartec's motion into a motion for summary judgment so that it may consider them. *See* Fed. R. Civ. P. 12(d). But those documents would not save ESD; the connection between ESD and Polartec is clear from the pleadings, and the documents do not show otherwise.

Polartec. ESD could have done that when it was negotiating with Polartec, and ESD may not "opt out of commercial law by refusing to avail [itself] of the opportunities which that law gives [it]." *Miller v. U.S. Steel Corp.*, 902 F.2d 573, 575 (7th Cir. 1990). The economic loss doctrine bars ESD's misrepresentation claims.

ORDER

IT IS ORDERED that:

1. Defendant Polartec, LLC's motion for partial judgment on the pleadings, Dkt. 8, is GRANTED.

2. Plaintiff Extreme Sports Divas, LLC's claims for fraudulent misrepresentation, intentional misrepresentation, and negligent misrepresentation are DISMISSED with prejudice.

Entered August 18, 2017.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge