IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

EXTREME SPORTS DIVAS, LLC,

                  Plaintiff,

v.

POLARTEC, LLC,

                  Defendant.

OPINION & ORDER

17-cv-213-jdp

---

Plaintiff Extreme Sports Divas, LLC, (ESD) designs and sells women's clothing for snowmobiling. For a new line of outerwear, ESD used defendant Polartec, LLC's NeoShell fabric, which Polartec marketed as "waterproof to 10,000 mm." ESD alleges that the NeoShell fabric was not as waterproof as Polartec represented it to be, leaving ESD with useless merchandise and a damaged reputation. ESD asserts claims against Polartec for violations of Wisconsin's Deceptive Trade Practices Act (DTPA), Wis. Stat. § 100.18, and violations of the Lanham Act, 15 U.S.C. § 1125(a).

Polartec now moves for summary judgment on several grounds. Dkt. 32. ESD has not adduced evidence to show that Polartec misrepresented the waterproof qualities of its NeoShell fabric, so the court will grant summary judgment in Polartec's favor on both claims.

UNDISPUTED FACTS

The court begins by noting deficiencies in ESD's summary judgment response. ESD purports to dispute many of Polartec's proposed facts by stating that "discovery is ongoing and Plaintiff has not yet had an opportunity to depose Defendant's representative as to this issue." *See, e.g.*, Dkt. 50, ¶ 23. This is not a valid basis to dispute a proposed fact. As the court

explained in its preliminary pretrial conference order, "[p]arties are to undertake discovery in a manner that allows them to make or respond to dispositive motions within the scheduled deadlines." Dkt. 11, at 3. And the court "will conclude that a proposed fact is undisputed unless the responding party explicitly disputes it and either identifies contradictory evidence in the record, or demonstrates that the proponent of the fact does not have admissible evidence to support it." *Id.* at 10. So any fact proposed by Polartec that is opposed only on the basis that discovery is ongoing will be deemed to be undisputed.

The following facts are undisputed except where noted.

Polartec manufactures fabric. In 2010, it introduced its NeoShell fabric, which it markets as breathable and waterproof to 10,000 mm. Its technical information sheet specifies that NeoShell fabric obtains a minimum 10,000 mm waterproof rating when tested against a mesh restraint according to the American Association of Textile Chemists & Colorists' Water Resistance: Hydrostatic Pressure Test, also known as AATCC Test Method 127.

"AATCC Test Method 127 is a common standard used in the fabric industry for measuring waterproofing capabilities." Dkt. 50, ¶ 9. The test procedure involves applying hydrostatic pressure (that is, water pressure) to one side of a fabric specimen and steadily increasing the pressure until three droplets appear on the opposite side of the fabric. "[A]t the moment water droplets penetrate the fabric in three different places," the hydrostatic pressure is recorded. Dkt. 34-1, at 3. The pressure can be recorded in millimeters of water or millibars (a unit of pressure abbreviated as "mbar")—10,200 mm of water exerts 1,000 mbar. This procedure is repeated on at least two other specimens of the fabric sample, and the results are then averaged. The final report should list the method used and the "[r]esults for

each specimen and the average for each sample." *Id.* at 4. The AATCC acknowledges that the "results are tester dependent." *Id.*

Polartec tests samples of each batch of NeoShell fabric to confirm that they meet the 10,000 mm waterproof rating before releasing them for sale. Polartec will release a batch for sale if it meets, exceeds, or falls below but "does not reflect a significant departure from" the 10,000 mm minimum listed in the technical information sheet. Dkt. 50, ¶ 125. Polartec tested 68 batches of NeoShell fabric between December 7, 2012, and February 7, 2017; all but four had average results that met or exceeded the 10,000 mm minimum. Polartec sold three batches of NeoShell fabric to ESD. Two of those batches had an average test result of 20,000 mm; the third tested at 17,960 mm. *See* Dkt. 33-8.

ESD used the NeoShell fabric to manufacture garments in its Avid 2.0 line of outerwear. It performed in-house testing on some of the sample garments; these test results also met or exceeded the 10,000 mm minimum. But after ESD began selling the Avid 2.0 line, some customers complained that they were getting wet while wearing Avid 2.0 garments.

In response, ESD sent samples of its Avid 2.0 garments to a third-party tester, SGS North America, Inc. In April 2016, SGS tested six sample garments using AATCC Test Method 127, although without the mesh restraint listed in Polartec's technical information sheet. It reported the results in millibars:

Test: **HYDROSTATIC PRESSURE RESISTANCE**
AATCC 127

Pressure Failure (mbar)

| Material: | Jacket New Pink | Pant New Pink | Jacket new Blue | Pant New Blue | Pant Used Pink | Pant Used Blue |
|---|---|---|---|---|---|---|
| | 752 | >1000 | >1000 | >1000 | 352 | 189 |
| | 920 | >1000 | 980 | >1000 | 158 | 324 |
| | 779 | >1000 | >1000 | >1000 | 317 | 219 |
| Avg. | 817 | >1000 | >990 | >1000 | 276 | 244 |
| Pass/Fail | Fail | Pass | Fail | Pass | Fail | Fail |

Note: Minimum Hydrostatic pressure resistance required – 1000 mbar.

Dkt. 33-10, at 3.

In August 2016, SGS tested three colors of NeoShell fabric, using four specimens from each color. It reported the results in millibars:

TEST RESULTS:

**Hydrostatic Pressure Resistance**
AATCC 127

| Material: | Blue | |
|---|---|---|
| Specimen | Pressure Failure (mbar) | Results |
| 1 | 803 | Fail |
| 2 | >1000 | Pass |
| 3 | >1000 | Pass |
| 4 | >1000 | Pass |

| Material: | Pink | |
|---|---|---|
| Specimen | Pressure Failure (mbar) | Results |
| 1 | >1000 | Pass |
| 2 | 778 | Fail |
| 3 | >1000 | Pass |
| 4 | >1000 | Pass |

| Material: | Charcoal | |
|---|---|---|
| Specimen | Pressure Failure (mbar) | Results |
| 1 | 896 | Fail |
| 2 | >1000 | Pass |
| 3 | 931 | Fail |
| 4 | >1000 | Pass |

Comments: All materials tested failed the requirement for no failures at a pressure lower than 1000 mbar
Pass >1000, Fail < 1000

Notes: Sample ID: Polartec NeoShell Fabric identified as Style No: 66000, Color: Pink, Blue, Charcoal, Material Content: 100% Nylon.
Lab Environment: Temperature 23°C, Humidity 50%
Specimen preconditioning: 24 hours minimum

*Id.* at 6. Handwritten notes list the exact results for those recorded in the report as ">1000." The second, third, and fourth specimens of blue fabric tested at 1214, 1156, and 1206 mbar, respectively; the first, third, and fourth specimens of pink fabric tested at 1204, 1122, and 1056 mbar, respectively; and the second and fourth specimens of charcoal fabric tested at 1212 and 1204 mbar, respectively. *See id.* at 7.

## ANALYSIS

Polartec moves for summary judgment on both of ESD's claims. Summary judgment is appropriate if a moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Only

disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To avoid summary judgment, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." *Id.* A party may not simply rely on the allegations in its pleadings to create such a dispute, but must "demonstrate that the record, taken as a whole, could permit a rational finder of fact to rule in [its] favor." *Johnson v. City of Fort Wayne*, 91 F.3d 922, 931 (7th Cir. 1996).

ESD asserts claims under the DTPA and the Lanham Act. Both statutes concern false advertising. To prevail on its DTPA claim, ESD must demonstrate that (1) Polartec made a representation to the public with the intent to induce an obligation; (2) the representation was untrue, deceptive, or misleading; and (3) the representation caused ESD a pecuniary loss. *See Harris v. Sutter*, No. 14-cv-153, 2015 WL 4092423, at *2 (W.D. Wis. July 7, 2015) (citing *K & S Tool & Die Corp. v. Perfection Mach. Sales, Inc.*, 2007 WI 70, ¶ 19, 301 Wis. 2d 109, 732 N.W.2d 792). To prevail on its Lanham Act claim, ESD must demonstrate that (1) Polartec made a false or misleading statement of fact in commercial advertising or promotion about its product; (2) the statement actually deceived or has the tendency to deceive a substantial segment of its audience; (3) the deception is material, in that it is likely to influence the purchasing decision; (4) Polartec caused the false statement to enter interstate commerce; and (5) ESD has been or is likely to be injured as a result of the false statement.[1] *See Standard Process, Inc. v. Total Health Discount, Inc.*, 559 F. Supp. 2d 932, 939

---

[1] ESD must also demonstrate that it is Polartec's competitor. "A consumer who is hoodwinked into purchasing a disappointing product may well have an injury-in-fact cognizable under Article III, but he cannot invoke the protection of the Lanham Act—a conclusion reached by every Circuit to consider the question. Even a business misled by a supplier into purchasing an inferior product is, like consumers generally, not under the Act's

(E.D. Wis. 2008) (citing *Hot Wax, Inc. v. Turtle Wax, Inc.*, 191 F.3d 813, 819 (7th Cir. 1999)). The dispositive issue in this case is an element common to both claims: ESD must adduce evidence sufficient to allow a reasonable juror to find that the representation at issue—Polartec's claim that its NeoShell fabric is waterproof to 10,000 mm—was untrue or misleading.

"The meaning of a given advertisement is a question of fact." *BASF Corp. v. Old World Trading Co.*, 41 F.3d 1081, 1091 (7th Cir. 1994). The proof sufficient to show that a representation is untrue or misleading varies "depending on the statement made." *Id.* "[G]eneral comparative claims can only be proven false by affirmative evidence of falsity." *Id.* For "establishment claims," that is, statements that make "implicit or explicit references to tests, the plaintiff may satisfy its burden by showing that those tests do not prove the proposition." *Id.* But if the defendant adduces "valid independent tests that showed its statements . . . were true," affirmative evidence that *other* tests do not prove the proposition is insufficient. *Dyson, Inc. v. Sharkninja Operating LLC*, 259 F. Supp. 3d 816, 835 (N.D. Ill. 2017).

Polartec's representation that its NeoShell fabric is waterproof to 10,000 mm is an establishment claim—its technical information sheet specifies that the fabric obtains at least a 10,000 mm waterproof rating when tested against a mesh restraint according to the AATCC Test Method 127. So to survive summary judgment, ESD must adduce evidence sufficient to allow a reasonable juror to find that the AATCC Test Method 127, performed with a mesh

---

aegis." *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377, 1390 (2014) (citations omitted). ESD has not adduced evidence that it is within the "zone of interests" that the Lanham Act was meant to protect, *id.* at 1388–89, so summary judgment in Polartec's favor would be appropriate for this reason, too.

restraint, does not prove that the NeoShell fabric is waterproof to 10,000 mm. ESD has not met this burden. The NeoShell fabric underwent numerous tests, and the vast majority of those tests confirmed that NeoShell fabric *is* waterproof to at least 10,000 mm. ESD has not adduced evidence that the remaining test results do not support Polartec's representation.

ESD points to the SGS tests specifically and argues that those tests prove that the NeoShell fabric is not as waterproof as Polartec claims. At first glance, the SGS test results appear to support ESD's argument: four of the six garments tested in April were reported as "failing" the test, as were four of the twelve specimens tested in August. But a closer review of the results reveals four problems with SGS's report. First, SGS did not use a mesh restraint, even though Polartec's technical information sheet includes a mesh restraint in the testing procedures. Second, SGS labeled any result less than 1,000 mbar "fail." But Polartec didn't represent that NeoShell fabric was waterproof to 1,000 mbar; it said that NeoShell fabric was waterproof to 10,000 mm, which is equivalent to 980.4 mbar. Third, SGS did not report the average result for each sample in its August tests. Fourth, SGS incorrectly averaged the results for one of the samples in the April tests. SGS's raw data, converted to millimeters of water, yields the following results:

| Sample | Specimen 1 | Specimen 2 | Specimen 3 | Specimen 4 | Average |
|---|---|---|---|---|---|
| *Jacket New Pink* | 7,670.4 | 9,384 | 7,945.8 | | 8,333.4 |
| *Pant New Pink* | >10,200 | >10,200 | >10,200 | | >10,200 |
| *Jacket New Blue* | >10,200 | 9,996 | >10,200 | | 10,132 |
| *Pant New Blue* | >10,200 | >10,200 | >10,200 | | >10,200 |
| *Pant Used Pink* | 3,590.4 | 1,611.6 | 3,233.4 | | 2,811.8 |
| *Pant Used Blue* | 1,927.8 | 3,304.8 | 2,233.8 | | 2,488.8 |

8

| | | | | | |
|---|---|---|---|---|---|
| *Blue Material* | 8,190.6 | 12,382.8 | 11,791.2 | 12,301.2 | 11,166.45 |
| *Pink Material* | 12,280.8 | 7,935.6 | 11,444.4 | 10,771.2 | 10,608 |
| *Charcoal Material* | 9,139.2 | 12,362.4 | 9,496.2 | 12,280.8 | 10,819.65 |

These results show that all of the raw NeoShell fabric samples yielded an average waterproof rating of more than 10,000 mm, as did three of the four new manufactured garment samples. ESD argues that the averages aren't important—the individual result for each specimen is what matters, and one-quarter of the individual specimen results for raw fabric were less than 10,000 mm. But the AATCC acknowledges that "results are tester dependent" and instructs that the tester report both the "[r]esults for each specimen and the average for each sample." Dkt. 34-1, at 4. ESD adduces no evidence to support its proposition that a single specimen result of less than 10,000 mm renders Polartec's "waterproof to 10,000 mm" representation untrue or misleading.

The average result for the new pink jacket—8,333.4 mm—is more troubling. But SGS did not use a mesh restraint in its testing, so this result does not necessarily undermine Polartec's representation that the NeoShell fabric is waterproof to 10,000 mm when tested under the procedures listed in the technical information sheet. ESD adduces no evidence that this single result may be interpreted to undermine Polartec's representation of NeoShell's waterproofing capabilities. As for the two used garment samples whose average result didn't meet the 10,000 mm mark, there's no information about just how used the "used" samples were, and Polartec didn't represent that its fabric would retain its 10,000 mm waterproof rating regardless of what was done to it. So the used samples are immaterial to the representation at issue.

9

ESD has adduced no more than a scintilla of evidence that Polartec's representations regarding NeoShell's waterproofing capabilities are unsupported by the AATCC's waterproof test. Therefore, ESD cannot show that Polartec violated the DTPA or the Lanham Act, and summary judgment in Polartec's favor on both claims is appropriate.

ORDER

IT IS ORDERED that:

1. Polartec's motion for summary judgment, Dkt. 32, is GRANTED.

2. The clerk of court is directed to enter judgment accordingly and close this case.

Entered April 25, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge